ELAINE FAGG and THOMAS FAGG,   )     Franklin Circuit

                                   )     No.  8818

     **Plaintiffs/Appellants,**   )

                                   )

**VS.**                           )

                                   )

**COUNTY OF FRANKLIN,**     )     Appeal No.

                                 )     **01A01-9710-CV-00589**

     **Defendant/Appellee.**    )

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
### AT WINCHESTER, TENNESSEE

### HONORABLE THOMAS GRAHAM, CHANCELLOR

FILED

June 16, 1998

Cecil W. Crowson
Appellate Court Clerk

Michelle M. Benjamin, #0012377
P.O. Box 177
Winchester, Tennessee 37398
ATTORNEY FOR PLAINTIFFS/APPELLANTS

Ben P. Lynch, #003246
LYNCH, LYNCH & LYNCH
P.O. Box 310
Winchester, Tennessee 37398
ATTORNEY FOR DEFENDANT/APPELLEE

## REVERSED AND VACATED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

ELAINE FAGG and THOMAS FAGG,   )      Franklin Circuit
                              )      No.  8818

      **Plaintiffs/Appellants,**    )

                              )

**VS.**                             )

                              )

**COUNTY OF FRANKLIN,**     )      **Appeal No.**
                              )      **01A01-9710-CV-00589**

      **Defendant/Appellee.**     )

# O P I N I O N

This suit arises from the injury of a pedestrian by stepping into a hole in or near the edge of the paved county road. The Trial Judge rendered summary judgment in favor of the county on the ground that the county owed no duty to a pedestrian.

The facts, as found by the Trial Judge, are:

1) The plaintiff, Elaine Fagg, was allegedly injured when she fell after tripping on a pothole located on the edge of the county roadway known as the UT Farm Road.

2) The UT Farm Road is a county maintained road constructed of a tar and chip surface with narrow to non-existent shoulders.

3) The Franklin County Road Department does not build or maintain sidewalks or areas designated for pedestrian traffic along this or any other county road.

4) The UT Farm Road is designed for vehicular traffic and lies in a sparsely populated area.

5) There are no records in the Franklin County Highway Department indicating any problem with the UT Farm Road other than a stopped culvert in an unrelated location. There are further no known complaints that have been registered regarding the subject pothole, either verbally or otherwise, prior to the date of plaintiff's injury.

6) The pothole giving rise to the claim herein measured approximately twelve (12) inches wide and six (6) inches deep and was located on the edge of the tar and chipped surface. Grass was allowed to grow in and around the outside edge of the pothole.

7) Plaintiff was injured when she tripped while stepping off the surface to allow a vehicle to go by. (R. 148-149).

**Appellants Issue:**

> I.      Whether the trial court erred in holding that immunity was not removed under T.C.A. § 29-20-203 because the defendant had no duty to maintain the county road in a reasonably safe condition for pedestrian use.

**Appellee's Issues:**

> 1.      Whether the trial court was correct in granting the defendant-appellee's motion for summary judgment.

> 2.      Whether the defendant-appellee had constructive and/or actual notice of any defective, unsafe or dangerous condition existing in the UT Farm Road as alleged as required by T.C.A. § 29-20-203(b).

The record contains evidence of the following facts:

The injury occurred on University of Tennessee Farm Road, which is a paved road of the Franklin County public road system which is used by both vehicles and pedestrians. It has narrow, grass covered shoulders and no sidewalks. As plaintiffs were walking along the road, Mrs. Fagg stepped "to the side of the road," her foot caught in a hole 12 inches wide and six inches deep. Grass in the area was tall and had fallen across the hole and obscured it from view. The Road Commissioner was aware of grass growing 4 or 5 feet tall on the subject road at various times and "would not be surprised" to hear that people walked on the road in question, but insisted that country roads were built for vehicles and not for people. He admitted that the County had a duty to keep the grass and weeds mowed on county roads and to keep the roads in a reasonably safe condition for vehicular travel, but not for pedestrian use.

T.C.A. § 29-20-203 reads as follows:

> (a) immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity.

> (b) This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29-20-302. [Acts 1973, ch. 345, § 8; T.C.A. § 23-3309.]

The quoted statute makes no distinction between vehicular and pedestrian use of public roads. It does require notice of a particular defect, but notice may be inferred from the facts and circumstances of each case. The lack of a record of complaints is merely one of many circumstances to be considered by the finder of fact.

In *Helton v. Knox County*, Tenn. 1996, 922 S.W.2d 877, a motorist lost his life when he ran his vehicle off a one-lane, single arch stone bridge built in 1895 in a hilly, sparsely inhabited area and was little used. The approach to the bridge included a railroad crossing and two 90 degree curves. A sign on the approach read: "Warning - One Lane Bridge Ahead," and "paddle boards" continued the warning, and reflective paint marked the edges of the road. The only defect alleged was the absence of guard rails which were not required when the bridge was built, but were standard at the time of the injury. The Supreme Court held that the installation of guard rails on a county roadway was a "discretionary function that involves public policy consideration" and that "governmental immunity is preserved under Tenn. Code Ann. § 29-20-205(1) as well," citing *Bowers v. City of Chattanooga*, Tenn. 1992, 826 S.W.2d 427.

Because of the wide difference between the absence of guard rails on a century old, one-lane bridge and paved highway overgrown with vegetation hiding a pothole 12 inches wide and 6 inches deep, the quoted authority is not deemed to be determinative of the present appeal.

It has been held that a public road authority may not be held liable for a minor variation or "step-off" in a public road. However, no such holding has been found in reference to a pothole six inches deep and twelve inches wide. The very size of the hole is sufficient to furnish a reasonable inference as to the duration of the defect.

Under the evidence summarized above, the question of whether the road in question was maintained in a reasonably safe condition and whether the public authority had reasonable notice of an unsafe condition were issues of fact and should not have been foreclosed by summary

judgment. *Bryd v. Hall*, Tenn. 1993, 847 S.W.2d 208. *Dooley v. Everett*, Tenn. App. 1990, 805 S.W.2d 380.

The right of the public to walk on a public road is well established. T.C.A. §§ 55-8-133-139, prescribes the safe use of highways by pedestrians. § 55-8-138(b) refers specifically to pedestrians where no sidewalk is provided.

In the absence of a statute or ordinance to the contrary, a pedestrian has the same right to use and travel upon any portion of a public highway or street at any time of the day or night. 7a Am. Jr. Automobiles and Highway Traffic, § 13 p.540.

This Court holds that the evidence in this record is not so conclusive as to entitle the defendant to judgment as a matter of law.

The judgment of the Trial Court is reversed and vacated. Costs of this appeal are taxed against the defendant. The cause is remanded for appropriate further proceedings.

**REVERSED AND VACATED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE